UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED 08 AUG -1 AM 11:07
CLERK U.S. DISTRICT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  v.  1.) Jose PALOMAR-Nigren, 2.) Oscar CASTILLO-Ramirez  Defendant(s) | Magistrate Case No.  08 MJ 2380  COMPLAINT FOR VIOLATION OF  Title 8 U.S.C., Sec. 1324 (a)(1)(A)(ii) Transportation of Illegal Aliens |

The undersigned complainant, being duly sworn, states:

On or about **July 30, 2008**, within the Southern District of California, defendants **Jose PALOMAR-Nigren and Oscar CASTILLO-Ramirez** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Eder RODRIGUEZ-Rodriguez, Carmen HERRERA-Soria,** and **Selena VERAZA-Garcia** had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **1st** DAY OF **August, 2008**

_____
Jan M. Adler
UNITED STATES MAGISTRATE JUDGE

DoA 7/30/08 ECL

CONTINUATION OF COMPLAINT:
1.) Jose PALOMAR-Nigren
2.) Oscar CASTILLO-Ramirez

## PROBABLE CAUSE STATEMENT

Furthermore, the complainant states that **Eder RODRIGUEZ-Rodriguez, Carmen HERRERA-Soria,** and **Selena VERAZA-Garcia** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On July 30, 2008, Agents assigned to the San Diego Sector Smuggling Interdiction Group (SIG) were conducting anti-smuggling operations near Pine Valley, California. This area is located approximately 8 miles east of the Tecate, California Port of Entry and 12 miles north of the United States-Mexico International Border. At approximately 10:58 p.m., SIG Agent A. Hurtado observed a dark colored Ford Bronco pull to the shoulder of the westbound lanes of Interstate 8 just east of the Pine Valley interchange. Agent Hurtado heard the occupant of the vehicle yell out in the Spanish language for the suspected illegal aliens to enter the vehicle. Agent Hurtado watched as a group of suspected illegal aliens ran from the brush and hurriedly entered the Bronco. The Bronco then took off and exited I-8.

Agent H. Cuevas who was parked at the bottom of the eastbound off-ramp and fell in behind the Bronco once it exited the interstate and began traveling northbound. Agent Cuevas observed that the driver of the Bronco was traveling at an unusually fast rate of speed and he had difficulty keeping up due to the driver's reckless driving. Agent Cuevas, in his unmarked Agency vehicle, conducted mobile surveillance on the Bronco as it traveled westbound onto Old Highway 80 towards Guatay. The Bronco continued at very high speeds, passing through the township of Guatay, a 25 mile per hour zone, in excess of 70 miles per hour.

Other Agents responded to assist. Agent F. Rivera was operating a marked Border Patrol pursuit sedan with fully functioning emergency lights and police siren. Agent Rivera proceeded to Highway 79 in an effort to get ahead of the Bronco. As Agent Rivera passed Descanso, the Bronco passed him at a high rate of speed headed back towards I-8. Supervisory Border Patrol Agent M. Hansen was waiting at the Highway 79 and I-8 interchange and was setting up to deploy a controlled tire deflation device (CTDD). Due to the Bronco's excessive speeds, Agent Hansen determined that it was unsafe to deploy the CTDD. The Bronco entered onto I-8 westbound and immediately began traveling in excess of 100 miles per hour.

The Bronco exited East Willows and proceeded northbound, then paralleled I-8 past the Viejas Casino. The Bronco slowed considerably at this time and obeyed the speed limit and even stopped for a stop sign. After passing the casino, the driver accelerated and drove through the last stop sign near the casino, cutting off another motorist. The Bronco re-entered I-8 at the West Willows Road interchange and resumed traveling westbound. As the Bronco passed Tavern Road in Alpine, Agent B. Blanchard passed it and observed the driver behind the wheel. Agent Blanchard radioed a description of the driver to the other SIG agents. Then Agent Rivera pulled alongside the Bronco and illuminated the driver with his alley light and also observed the driver behind the wheel.

Agent Rivera fell behind the Bronco again and after it passed Dunbar Lane, he activated his emergency lights and siren. The driver of the Bronco failed to yield. After several miles the driver pulled to the shoulder and appeared to be yielding, only to re-enter the travel lanes. The driver did this again and appeared to be preparing to bail out. Once the Bronco came to a stop, Agents rushed up and prevented anyone from exiting. The driver, identified as Defendant #2 **Oscar CASTILLO-Ramirez** *was still behind the wheel.* Agent Hansen secured CASTILLO while Agent Blanchard shut off the Bronco's engine. There was a front seat passenger, identified as Defendant #1 **Jose PALOMAR-Nigren** as well as three passengers in the back of the Bronco.

CONTINUATION OF COMPLAINT:
1.) Jose PALOMAR-Nigren
2.) Oscar CASTILLO-Ramirez

Agent Rivera identified himself as Border Patrol Agent and questioned all occupants as to their citizenship and immigration status. All five individuals found within the Bronco claimed to be citizens and nationals of Mexico. Furthermore, all five aliens claimed to not be in possessions of proper immigration documentation that would enable them to enter or remain in the United States legally. At 11:30 p.m. Agent Rivera placed all five illegal aliens under arrest.

## DEFENDANT STATEMENT: Oscar CASTILLO-Ramirez

CASTILLO was read his Miranda Rights and stated that he understood his rights and agreed to provide a sworn statement without the presence of an attorney.

CASTILLO last entered the United States last Monday, July 28, 2008, at approximately 1:00 a.m. At that time, CASTILLO crossed the United States/Mexico International Boundary by climbing over a high steel fence with three other illegal aliens near Tecate, California. CASTILLO'S brother had made arrangements with a smuggler nicknamed "El Toro", for CASTILLO to be smuggled into the United States and transported to Los Angeles, California, for a fee of $1,600 USD. At the house, the smugglers requested payment of $2,000 USD to let CASTILLO go. CASTILLO'S brother had only saved $1,600 USD for payment. The smugglers told CASTILLO and his brother that if they did not come up with the additional $400 USD, that they would send him back to Tijuana, Baja California, Mexico. CASTILLO did not want to go back to Mexico.

The smugglers told CASTILLO that he could work in lieu of payment of the remaining $400 USD. The smugglers explained to CASTILLO that he would have to drive for them twice to make up the difference in the smuggling fee. CASTILLO knew that the people he was picking up were illegal aliens prior to picking them up.

CASTILLO was taken to Viejas Casino in Alpine, California, where he was given the truck he used to pick up the aliens. CASTILLO had been given instructions as to where to go, and was given a cellular phone to communicate with the smugglers. CASTILLO stated that the man sitting next to him in the truck after picking up the aliens also had a phone given to him by the smugglers. CASTILLO stated that this man received a phone call after the pick up, but that he just listened and didn't say anything.

## MATERIAL WITNESSES STATEMENTS:

Material Witnesses **Eder RODRIGUEZ-Rodriguez, Carmen HERRERA-Soria,** and **Selena VERAZA-Garcia** stated that they are citizens and nationals of Mexico illegally present in the United States. They stated that they did not have any immigration documents allowing them to be in the United States legally. They stated that arrangements had been made to be smuggled into the United States. All the material witnesses stated that they were to pay approximately $1,800.00 U.S. dollars to be smuggled into the United States. All material witnesses were shown a photographic line-up and were able to identify defendant #1 **Jose PALOMAR-Nigren** as the foot guide and defendant #2 **Oscar CASTILLO-Ramirez** as the driver of the vehicle.